■ Max H. Snyder, Respondent, v. Memco Engineering & Manufacturing Co., Inc., Appellant.— In an action by the owner and holder of certain shares of the defendant's preferred stock (which stock is redeemable by defendant at its option at a stated price), to recover the redemption price for his shares on the theory that defendant violated its obligation (imposed by its amended certificate of incorporation) not to redeem less than all the outstanding shares of that class, defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County, entered March 20, 1964, which denied its motion for summary judgment dismissing the complaint, and which granted such judgment in favor of the plaintiff for the amount demanded in the complaint. Order and judgment reversed, without costs; defendant's motion for summary judgment granted; and complaint dismissed, without costs. Under the pertinent provisions in defendant's amended certificate of incorporation, redemption of the preferred stock was to be effectuated only at the election of defendant's board of directors. The price formula for redemption was $100 per share plus accrued dividends in arrears. The stock reacquisitions on which plaintiff relies took place at three separate times. The first was on May 15, 1960, when all the authorized 1,000 shares of such stock were still outstanding. Defendant purchased 12 shares from one stockholder. The second purchase was on May 23, 1960; on that date 38 of the shares were obtained from another stockholder. The total of 50 shares in both those transactions was only 5% of the issued 1,000 shares. The price in each of those two transactions was the same, $99.50 per share, or about 2% or a total of $93.50 less than the redemption price for all 50 shares. The third occasion of purchase was more than a year and a half later, on October 31, 1962. Defendant then purchased 670 shares from a third stockholder and 132 shares from the stockholder's wife, all at $99.75 per share, or about 6% or $4,611.50 less than the redemption price. By reason of the defendant's then existing financial condition, the defendant in good faith found it to be advisable to reacquire its preferred stock. The defendant had the option either to redeem all such stock at one time at the redemption price or to pursue a plan that would be more advantageous to it, i. e., to purchase shares of such stock at discounts whenever it could. Defendant's choice in good faith of the latter alternative at a saving of some $4,600 may not be deemed to constitute a violation of the provisions contained in defendant's certificate of incorporation (Ballantine, Corporations [1946 ed.], pp. 509, 620; 7 White, Corporations [12th ed.], p. 129; Henn, Corporations, p. 170, note 37; cf. Business Corporation Law, §§ 513, 515). Hence, it was error to hold that these several, separate and independent purchases at different times and at discount prices constituted redemptions of the shares, and that because of such purchases the defendant became obliged to redeem plaintiff's shares or became indebted to plaintiff for the redemption price of his shares or became otherwise liable to him. Ughetta, Christ, Brennan and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to affirm the order and judgment, with the following memorandum: The fact that the price for the previously purchased stock was paid out of surplus rather than out of capital does not convert into a purchase what otherwise would be a redemption. In my opinion, there is no difference between purchase and redemption under the facts in this case, where the purchase price was practically the same as the redemption price. It seems to me that, where (as here) *all* of the outstanding preferred stock (except that of plaintiff and

of the controlling stockholder) is purchased or redeemed by defendant, the defendant has an obligation, under the amended certificate of incorporation, to purchase or redeem plaintiff's preferred stock at the redemption price.